UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALICIA R. DIXON** | * | CIVIL ACTION |
| | * | |
| | * | NO.: |
| **AND WEST J. DIXON** | * | |
| | * | JUDGE: |
| | * | |
| versus | * | MAGISTRATE JUDGE: |
| | * | |
| | * | |
| **D.R. HORTON, INC. – GULF COAST;** | * | |
| **BELL MECHANICAL SERVICES;** | * | |
| **AND BELL MECHANICAL** | * | |
| **HOLDINGS, LLC** | | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Defendant D.R. Horton, Inc. – Gulf Coast ("D.R. Horton"), with full reservation of any and all defenses, motions, exceptions, and objections, whether in state court or federal court, including without limitation all arbitration rights and contractual rights to demand and move to compel arbitration, hereby removes to this Court the civil action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Alicia R. Dixon and West J. Dixon versus D.R Horton, Inc. – Gulf Coast; Bell Mechanical Services; and Bell Mechanical Holdings, LLC,* No. C-716640 (Hon. Donald R. Johnson) (the "State Court Action"), upon showing that:

1. On March 9, 2022, Alicia R. Dixon and West J. Dixon (collectively, "Plaintiffs") filed their Original Class Action Petition for Damages ("Original Petition") in the State Court Action as purported representatives of a defined putative class. A copy of the Original Petition is

5680712

attached as Exhibit ("Exh.") A, as required by 28 U.S.C. § 1446. The Original Petition defined the putative class as:

> "All persons who purchased a new home that was constructed and sold by D.R. Horton, Inc. – Gulf Coast in Louisiana between January 1, 2013 and present day who have experienced problems with mold or mildew in their home or excess moisture and humidity and who have suffered damages to their person or property as a result."

Original Petition, Exh. A., at para. 32.

2. The State Court Action names D.R. Horton, Bell Mechanical Services, LLC, and Bell Mechanical Holdings, LLC as defendants (collectively, "Defendants"). D.R. Horton was served with the citation and the Original Petition on March 15, 2022. *See* Exhibit A.

3. On December 6, 2022, Plaintiffs filed in the State Court Action their First Supplemental and Amended Class Action Petition for Damages ("Amended Petition"), and served it on Defendants by e-mail on that date. A copy of the Amended Petition is attached hereto as Exh. "B."

4. The Amended Petition significantly amends and expands Plaintiffs' definition of the putative class, such that the defined amended putative class now consists of:

> "All persons who purchased a home that was constructed by D.R. Horton, Inc – Gulf Coast in Louisiana between January 1, 2007 and present day."

Exh. "B." at para. 32. Hereafter, the "Amended Class Definition."

As set forth below, the Amended Class Definition's significant expansion of the defined putative class enables D.R. Horton and this Court to reasonably discern that the State Court Action is now subject to this Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). This Notice of Removal is timely filed within thirty days from the date of receipt and service of the Amended Petition, as required by 28 U.S.C. § 1446(b)(3).

5.  This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 in that this is a civil action of which this Court has original jurisdiction.

6.  The Original Petition significantly limited the membership and size of the defined putative class to *only* persons who purchased a *new* home from D.R. Horton in Louisiana between *2013* and the present and which remains "their home" in Louisiana. Exh. A, para. 32. By contrast, the Amended Class Definition expands the temporal scope of the putative class by an additional six years, and dramatically increases the membership of the putative class to include secondary, tertiary and even more remote purchasers as well as persons who no longer inhabit the homes. Exh. B at para. 32.

7.  The Amended Class Definition thus enables D.R. Horton and this Court to reasonably discern that the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. "[T]he Court is permitted to make common-sense inferences about the amount in controversy." *Badeaux v. Goodell*, No. 19-566, 2019 WL 398830, at *5 (E.D. La. Jan. 31, 2019) (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). The Amended Class Definition encompasses potentially thousands of persons who either directly purchased from D.R. Horton or who later purchased from someone else during an expanded fifteen year period – and whether or not they still live in the home. Although the specific number of persons who may claim to have suffered some kind of damage or injury from a D.R. Horton constructed home – whoever they purchased it from and whether or not they still live it in - cannot be discerned, it is reasonably probable that their damage claims exceed $5,000,000 in the aggregate, exclusive of interest and costs. By making these representations, D.R. Horton in no way admits or concedes any form of liability to the named

Plaintiffs or to any putative class member or that the named Plaintiffs or any putative class member actually suffered any damage or injury attributable to D.R. Horton.

8.   Further, the Amended Class Definition now enables D.R. Horton and this Court to reasonably discern that Plaintiffs' claims, as amended, do *not* require application of the "local controversy" exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A). The putative class definition is no longer limited to current Louisiana homeowners and Plaintiffs have not otherwise restricted the Amended Class Definition to only Louisiana domiciliaries. *E.g., Simring v. Greensky, LLC,* 29 F.4th 1262, 1267 (11th Cir. 2022)("only the class definition itself" is determinative of whether the case, as pled, invokes the local controversy exception to CAFA). Moreover, the exceptions to CAFA jurisdiction are strictly and narrowly construed in favor of federal subject matter jurisdiction. *Arbuckle Mountain Ranch of Tx., Inc. v. Chesapeake Energy Corp.,* 810 F.3d 335, 337 (5th Cir. 2016) (quotation marks omitted). Plaintiffs bear the strict burden of proving that an exception to CAFA jurisdiction applies. *Arbuckle*, 810 F.3d at 338; *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006). And doubt is revolved *in favor of* the exercise of CAFA subject matter jurisdiction. *Arbuckle*, 810 F.3d at 342.

9.   All other requisites to CAFA subject matter jurisdiction are thus now satisfied. The amount in controversy exceeds $5,000,000, exclusive of interest and costs. There are more than 100 members of the putative class, as amended.

10.   And there is minimal diversity. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). One or more members of the putative class live in and thus are domiciliaries and citizens of Louisiana. A corporation is a citizen of the state of its principal place of business and its state of incorporation. 28 U.S.C. § 1332(c)(1). D. R. Horton is a primary defendant that is

incorporated in Delaware and that has its principal place of business in Texas.  It is thus a citizen of Delaware and Texas, but not of Louisiana.  At least one member of the putative class is a citizen of a different state than any one defendant.

11.     The citizenship of Bell Mechanical Services, LLC, and Bell Mechanical Holdings, LLC are irrelevant to CAFA minimal diversity and their consent to removal is not required.   28 U.S.C 1453(b).

12.     The United States District Court for the Middle District of Louisiana is the district in which the State Court Action is pending.  Pursuant to 28 U.S.C. §§ 1441(a) and 1453 removal is proper to the Middle District, as the district court for the district where the State Court Action is pending.

13.     D.R. Horton will give written notice of the filing of this Notice of Removal to counsel for the Plaintiffs, Bell Mechanical Services, LLC, and Bell Mechanical Holdings, LLC.

14.     D.R. Horton will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge State of Louisiana, as required by 28 U.S.C. § 1446(d).

15.     Pursuant to 28 U.S.C. § 1446(a), copies of process and pleadings served on D.R. Horton in the State Court Action are attached in Exhs. A and B.

16.     D.R Horton files this Notice of Removal with full reservation of its rights to continue to demand arbitration of all of Plaintiffs' claims pursuant to the arbitration clause in its Contract of Sale with them. From the very outset of the State Court Action, D.R. Horton respectfully demanded referral of the case to arbitration by way of dilatory and declinatory exceptions filed pursuant to the pre-emptive law of the Federal Arbitration Act ("FAA").  *See, e.g., Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)(when, as here, arbitrability issues are contractually

delegated to the arbitrator, the district court has "no power" to address them and must promptly refer the case to arbitration). But, to date, the state district court judge has declined to rule on D.R. Horton's arbitration demand, which remains pending. Hence, this removal is taken with full reservation of D.R. Horton's contractual arbitration rights and its right to move to compel arbitration. *E.g., Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 919 (5th Cir. 2014)(removal to federal court did not waive arbitration rights); *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995)(same principles).

**WHEREFORE**, D.R. Horton removes this lawsuit from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

/s/ James A. Brown
James A. Brown (Bar #14101)
Charles B. Wilmore (Bar #28812)
Courtney Harper Turkington (Bar # 38255)
Sheri L. Corales (Bar # 37643)
Melanie Derefinko (Bar # 37658)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108
jabrown@liskow.com
cbwilmore@liskow.com
chturkington@liskow.com
scorales@liskow.com
mderefinko@liskow.com

***Attorneys for  D.R. Horton, Inc – Gulf Coast***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of December, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document with exhibits and notice of electronic filing to the attorneys for all parties.

/s/ James A. Brown