UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICIA R. DIXON, ET AL.                                        CIVIL ACTION

VERSUS

D.R. HORTON, INC., ET AL.                                  NO. 22-01005-BAJ-SDJ

RULING AND ORDER

Before the Court is Defendant D.R. Horton, Inc. – Gulf Coast's ("D.R. Horton") **Motion To Stay Pending Arbitration (Doc. 15)**. D.R. Horton's motion is unopposed. For reasons set forth below, D.R. Horton's motion will be granted, and this action will be stayed, pending arbitration.

I. RELEVANT BACKGROUND

D.R. Horton and Plaintiffs executed a contract of sale for the purchase of a Lafayette Parish residence on April 10, 2014. (Doc. 15-3). The same parties re-executed the contract on June 6, 2014. (Doc. 15-2).

The contract includes an arbitration clause which covers "any claim, controversy or dispute of any kind," and requires that the parties "agree to resolve such dispute by binding arbitration under the Uniform Arbitration Act and the Federal Arbitration Act."[1] (Doc. 15-2, p. 10, ¶ 14). In addition to signing and re-

---

[1] The full arbitration clause is as follows:
> Buyer and Seller agree that if any claim, controversy or dispute of any kind arises between Buyer and Seller, whether arising for a tort, the Contract, any breach of the Contract in any way related to this transaction, including but not limited to claims or disputes arising under the Unfair Trade Practices and Consumer Protection Law and/or the terms of the express limited warranty referenced in Paragraph 13 of the Contract, THE BUYER AND SELLER AGREE TO RESOLVE SUCH

signing the contract, Plaintiffs specifically affixed their initials alongside the section describing the arbitration clause in both copies of the contract. (*See* Docs. 15-3, p. 2, ¶ 14; 15-2, p. 10, ¶ 14).

Further, between 2009 and 2021, D.R. Horton and Defendant Bell Mechanical Services, LLC, executed three separate independent contractor agreements. (Doc. 7-5, pp. 17–50). In those contracts, the parties agreed that "[Bell Mechanical] shall be bound by any arbitration procedures and rules accepted by [D.R. Horton] where necessary to facilitate resolution in a single forum." (Doc. 7-5, pp. 21, 30, 48).

## II.  LAW AND ANALYSIS

### A. Standard

The Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), expresses a strong federal policy in favor of enforcing arbitration agreements. *See, e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217–18 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10, (1984); *Safer v. Nelson Fin. Group Inc.*, 422 F.3d 289, 294 (5th Cir. 2005).

---

> DISPUTE BY BINDING ARBITRATION UNDER THE UNIFORM ARBITRATION ACT AND THE FEDERAL ARBITRATION ACT under the direction and procedures established by the AAA "Construction Industry Arbitration Rules" except as specifically modified herein or dictated by applicable statutes including the Uniform Arbitration Act and/or the Federal Arbitration Act. Any dispute shall be submitted for determination by an arbitrator or a board of three (3) arbitrators, as agreed upon between Buyer and Seller, to be selected for each controversy. The decision of the arbitrator(s) shall be in writing and signed by such arbitrator(s), or a majority of them, and shall be final and binding upon the parties. Each party shall bear the fees and expenses of counsel, witnesses and employees of such party, and any other costs and expenses incurred for the benefit of such party. All other fees and expenses shall be divided equally between Buyer and Seller.

(Doc. 15-2, p. 10, ¶ 14).

2

Most relevant here, Section 3 of the FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "Section 3 . . . is broad enough to permit the stay of an entire action even though only some of the issues in the lawsuit are referable to arbitration." *Cybertek, Inc. v. Bentley Sys., Inc.*, 182 F. Supp. 2d 864, 871 (D. Neb. 2002) (discussing authorities); *see also Miller v. Aaacon Auto Transp., Inc.*, 545 F.2d 1019, 1020–21 (5th Cir. 1977) ("Once being satisfied . . . 'that the issue involved in such suit or proceeding is referable to arbitration under such an agreement,' the district court seems to be required by [Section 3] to, upon application, 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'").

The Court applies a two-step analysis to assess whether an issue is referrable to arbitration. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, the Court determines whether the parties have agreed to arbitrate the particular dispute. *Id.* This first step, itself, is divided into two questions: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement." *Sherer*, 548 F.3d at 381. "[A]ny doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Safer*, 422 F.3d at 294.

3

Second, upon being satisfied that the parties have agreed to arbitrate a dispute, the Court asks whether "any federal statute or policy renders the claims nonarbitrable." *Sherer*, 548 F.3d at 381 (quoting *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004)).

The Supreme Court instructs that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218.

### B. Discussion

At the first step of the analysis, Plaintiffs and D.R. Horton indisputably agreed to arbitrate claims arising during the term of the contract of sale. (*See* Docs. 15-3, p. 2, ¶ 14; 15-2, p. 10, ¶ 14). Further, at least *some* of Plaintiffs' claims against Defendants fall squarely within the arbitration clause's scope. Plaintiffs allege breach of contract, negligence, redhibition, and claims attacking the validity and enforceability of the contract and arbitration clause, among other claims against Defendants, (Doc. 5-1, pp. 12–34). These allegations clearly fall within the types of potential causes of action contemplated by the agreed-upon arbitration clause. (*See* Doc. 15-2, p. 10, ¶ 14).

In addition, as it relates to Plaintiffs' attacks on the validity of the contract and arbitration clause, pursuant to the FAA, the contractual incorporation of the AAA Rules constitutes a *per se* delegation of all issues relating to the merits, validity, or enforceability of an arbitration clause to the arbitrator. *See, e.g., Edwards v. Doordash, Inc.*, 888 F.3d 738, 746 (5th Cir. 2018); *Petrofac, Inc. v. DynMcDermott*

4

*Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018).

The only remaining question is whether a federal statute or policy renders these issues nonarbitrable. The Court is not aware of any such statute or policy, and no party has identified any.

In sum, the Court determines that the above-captioned matter is appropriately stayed, pending arbitration pursuant to the parties' contractual agreements.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant D.R. Horton's **Motion To Stay Pending Arbitration (Doc. 15)** be and is hereby **GRANTED**, and that this action be and is hereby **STAYED** pursuant to 9 U.S.C. § 3, pending arbitration of Plaintiffs' claims against Defendants, pursuant to the parties' contractual agreements.

**IT IS FURTHER ORDERED** that the parties shall, throughout the duration of this stay, jointly file a notice with the Court every 90 days informing the Court of the status of the arbitration.

**IT IS FURTHER ORDERED** that if the parties resolve this matter through arbitration, the parties shall immediately file a notice of settlement consistent with the requirements of Local Rule 16(c), and/or a stipulation of dismissal consistent with the requirements of Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**IT IS FURTHER ORDERED** that all other pending motions in the above-captioned matter be and are hereby **TERMINATED** without prejudice to the movants' rights to re-assert their arguments (as appropriate) pending completion of

arbitration and reinstatement of this case to the Court's active docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case for statistical purposes.

Baton Rouge, Louisiana, this 9th day of February, 2023

*[signature]*

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

6