# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICIA R. DIXON, ET AL. | CIVIL ACTION |
| VERSUS | |
| D.R. HORTON, INC. – GULF COAST, ET AL. | NO. 22-01005-BAJ-SDJ |

## RULING AND ORDER

On February 10, 2023, the Court entered its order granting Defendant D.R. Horton, Inc. – Gulf Coast's *unopposed* motion to stay this action to allow arbitration pursuant to a contracted arbitration agreement. Now Plaintiffs move the Court to reconsider its stay order. (Doc. 27). For reasons set forth below, Plaintiffs' motion will be granted, the Court's stay order (Doc. 25) will be vacated, and Plaintiffs' prior Motion to Remand (Doc. 17) will be referred to the United States Magistrate Judge for decision. Additionally, Plaintiffs will be required to show cause why they should not pay D.R. Horton's costs of opposing their Motion to Reconsider, due to Plaintiffs' failure to oppose D.R. Horton's original motion to stay.

I. **BACKGROUND**

This putative class action involves contracts to purchase and construct residential homes in Lafayette, Louisiana. On March 9, 2022, named Plaintiffs and putative class representatives Alicia and West Dixon filed a Class Action Petition in the 19th Judicial District Court for the Parish of East Baton Rouge, seeking damages for alleged construction defects in their newly purchased Lafayette home, against Defendants D.R. Horton, Bell Mechanical Services, and Bell Mechanical Holdings,

LLC. (Doc 1-3). On December 9, 2022, D.R. Horton removed the action to this Court. (Doc. 1). On December 12, 2022, D.R. Horton filed an Amended Notice of Removal. (Doc. 5).

On December 15, 2022, D.R. Horton filed its motion to stay this action to allow arbitration pursuant to an arbitration clause set forth in the Plaintiffs' home purchase agreement. (Doc. 15). At their own peril, Plaintiffs failed to oppose D.R. Horton's motion. Instead, on January 9, 2023, Plaintiffs filed a Motion to Remand, arguing principally that Defendants' removal was untimely. (Doc. 17). Plaintiffs' Motion to Remand did not address D.R. Horton's Motion to Stay.

Absent any opposition from Plaintiffs, and consistent with the Federal Arbitration Act's (FAA) strong policy favoring enforcement of arbitration agreements, on February 10, 2023 the Court granted D.R. Horton's Motion to Stay, and ordered that this case be administratively closed to allow for arbitration among the parties. (Doc. 25). The same day, Plaintiffs filed the instant **Motion to Reconsider (Doc. 27)**, noting for the *first* time in *this* Court's record that, in the original state court proceedings, they specifically challenged the validity of the arbitration clause under Section 2 of the FAA. (*See, e.g.*, Docs. 9-2, pp. 14–27; 10-2, pp. 1–12; 10-4, pp. 1–6). D.R. Horton opposes Plaintiffs' Motion to Reconsider. (Doc. 31).

II.     LAW AND ANALYSIS

When, as here, a party moves the Court to reconsider an interlocutory order, the motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. *Adams v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the U.S. and Can., AFL-CIO, Local 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020).

Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims."

Motions for reconsideration are "extraordinary remed[ies] and should be used sparingly in the interest of finality and conversation of judicial resources." *Adams*, 495 F. Supp. 3d at 396. To the point, a motion for reconsideration is generally *not* the vehicle for raising arguments that could have been raised before the entry of the challenged order. *See id.*; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Nonetheless, "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Unquestionably, Plaintiffs could and *should* have raised the fact of their prior challenge to the enforceability of the arbitration clause in direct opposition to D.R. Horton's Motion to Stay.[1] Plaintiffs failure to do so has necessarily resulted in

---

[1] Plaintiffs insist that they risked waiving their right to move for remand by filing an opposition to D.R. Horton's Motion to Stay, citing *Jurach v. Safety Vision*, 642 Fed. Appx. 313, 317 (5th Cir. 2016). (Doc. 27-1, p. 2). The Court is not persuaded. Indeed, parties routinely make appearances in the federal venue to oppose motions on the merits, while at the same reserving their right to challenge the Court's jurisdiction at a later date. *Jurach* is *not* to the contrary, because in *Jurach* the Plaintiff filed her motion to remand as an

3

duplicative efforts and wasted judicial resources. Further, Plaintiffs' inattention has resulted in a stay order is clearly violative of United States Supreme Court's admonition that when "a party challenges the validity under § 2 [of the FAA] of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010). Yet, despite Plaintiffs' failure to alert the Court to their objection to the validity of the arbitration clause in the prior state court proceedings, Plaintiffs' challenge should plainly be resolved prior to referring this action to arbitration. *Id.*

III. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion To Reconsider The Court's Order Staying This Matter Pending Arbitration (Doc. 27)** be and is hereby **GRANTED**, as set forth herein.

**IT IS FURTHER ORDERED** that the Court's prior **Ruling And Order (Doc. 25)** granting D.R. Horton's Motion To Stay Pending Arbitration be and is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiffs' previously undisposed **Motion**

---

alternative to her *own* motion to amend her complaint. *Jurach*, 642 Fed. Appx. at 317. Further, the cases cited within *Jurach* do not support Plaintiffs' theory that an opposition would have constituted waiver. *See Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 (5th Cir. 1981) (holding plaintiff waived objections to defects in the removal petition by failing to promptly object to the defects and proceeding with discovery); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528–29 (8th Cir. 1996) (affirming district court's denial of plaintiff's motion to remand because plaintiff affirmatively sought leave to file a new complaint).

**To Remand (Doc. 17)** be and is hereby **REFERRED** to the United States Magistrate Judge assigned in the above-captioned matter.

**IT IS FURTHER ORDERED** that within seven days of the date of this Order, Plaintiffs shall submit a memorandum showing cause why they should not be required to pay Defendant D.R. Horton's reasonable costs and attorneys' fees incurred as a result of opposing Plaintiffs' Motion to Reconsider, due to Plaintiffs' failure to oppose D.R. Horton's original Motion to Stay. Plaintiffs' show cause memorandum shall not exceed five pages.

Baton Rouge, Louisiana, this 24th day of February, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**